UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CATHERINE KELLY, ROSEANN BURO,  and
JACOB and JEFFERY MARLIN

Plaintiffs,

-against-

HARLEYSVILLE WORCESTER INSURANCE
COMPANY

Defendant.

-------------------------------------------------------------------x

:      SG 3836

:

:      Docket No.: 13 Civ. _____

:      COMPLAINT

:      "Mass Joinder"

:      Jury Trial: No

Plaintiffs, by their attorneys, Gauthier, Houghtaling & Williams, LLP, for their Complaint against the Defendant, Harleysville Worcester Insurance Company, allege the following upon information and belief:

## THE PARTIES

1.    The Plaintiffs listed in the table below are individuals who reside and are domiciled in this judicial district. Their properties, located at the addresses shown below, were insured against flood damages by the Defendant, Harleysville Worcester Insurance Company.

| No. | Name of Insured(s) | Policy Number | Address of Property |
|-----|--------------------|---------------|---------------------|
| 1. | Catherine Kelly | 87043175302012 | 100 Baker Ct. Unit 89, Island Park, Nassau County, NY 11558-2269 |
| 2. | Roseann Buro | 87045844442012 | 127 Harrison Ave., Island Park, Nassau County, NY 11558-1813 |
| 3. | Jacob and Jeremy Marlin | 87044635672012 | 11 Lancaster Rd., Island Park, Nassau County, NY 11558-0190 |

2.      Defendant Harleysville Insurance Company ("Harleysville") was and is a private insurance company incorporated under the laws of the State of Pennsylvania, with its principal place of business located at 120 Front Street, Worcester, MA 01608-1408.

3.      Harleysville is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq.  Harleysville issued Standard Flood Insurance Policies (the "Policies") in its own name, as a fiscal agent of the United States, to Plaintiffs.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Harleysville was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policies.

JURISDICTION

4.      This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policies that Harleysville procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act.  The Policies covered losses to Plaintiffs' properties and contents located in this judicial district.

5.      Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

6.      This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured properties are located in this judicial district.

7.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.   The Plaintiffs' various actions are properly joined in this suit pursuant to Rule 20(a) of the Federal Rules of Civil Procedure because they present similar claims against

a common Defendant, Harleysville, and involve questions of fact or law that are common to all Plaintiffs.

## VENUE

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' properties are located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9.     Plaintiffs purchased Standard Flood Insurance Policies (the "Policies") from Harleysville to insure their properties and contents located at the addresses shown above against physical damage by or from flood.

10.    Plaintiffs paid all premiums when due and the Policies were in full force and effect on the date relevant to this suit.

11.    On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured properties.

12.    As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured properties and to personal property and contents located therein.  Plaintiffs have incurred and/or will incur significant expenses to repair and replace their flood-damaged properties.

13.    Plaintiffs reported the damage and properly submitted their claims to Harleysville. Plaintiffs duly performed and fully complied with all of the conditions of the Policies.

14.    Harleysville unjustifiably failed and/or refused to perform its obligations under the Policies and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

15.     Plaintiffs retained independent experts to evaluate the damages to their insured properties caused by and from flood.  The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered properties.  These damages were thoroughly documented and reports were submitted to Harleysville for review.  Harleysville has unfairly and improperly persisted in denying the claims.

FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)

16.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

17.     Plaintiffs and Harleysville entered into contracts when Plaintiffs purchased and Harleysville issued the Policies.

18.     The Policies, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to their properties and contents located at the addresses shown above.

19.     Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Harleysville regarding their respective claims. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Harleysville waived or excused such conditions precedent.

20.     Harleysville failed to perform and materially breached the insurance contracts when it wrongly failed to pay and refused to reimburse Plaintiffs what they are owed for damages the Storm caused to properties that the Policies covered.  Harleysville also breached the contracts by failing to perform other obligations it owed under the Policies.

21.     By virtue of its various breaches of contract, including its failure to fully reimburse each Plaintiff for his or her covered losses, Harleysville is liable to and owes each

4

Plaintiff for the actual damages he or she sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered properties, together with interest and all other damages Plaintiffs may prove as allowed by law.

SECOND CLAIM FOR RELIEF
(FRAUDULENT MISREPRESENTATION AND INDUCEMENT)

22.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

23.     Upon information and belief, prior to issuing the Policies, Harleysville fraudulently misrepresented coverage through its brochures, advertisements, promotional publications, and its marketing and sales representatives.  As an inducement to purchase insurance, Harleysville misled the public and its insureds that it would readily and willingly pay the full amount of claims.  In fact, its intention and practice was and is to unjustifiably avoid paying any or all of the proceeds due.

24.     Specifically, upon information and belief, Harleysville fraudulently induced and misled each Plaintiff during the procurement process by promising to pay claims in good faith and according to the Policies' terms and conditions when it had no intention to do so.  Instead, its intention was and is to engage in conduct calculated to further its own economic interests at the expense of its policy holders, including Plaintiffs, regarding large-dollar claims.  The economic incentives for its conduct include:

> a.     the cumulative interest earned on premiums and reserves during the periods of dispute;
>
> b.     the discounts unfairly extracted from policy holders they are forced to settle for less than their claims are worth because of the time pressure the insurer exerts, when it knows the insured is often in a place of vulnerability;
>
> c.     the cumulative value of the claims that policy holders abandon when they accept Harleysville's erroneous disclaimers of coverage or lose the will or lack the ability to litigate to obtain the insurance coverage and proceeds to which they are legally entitled; and

5

           d.        lower insurance premiums from and better relations with its reinsurers.

25.      Upon information and belief, Harleysville knowingly misrepresented flood coverage and claims services to Plaintiffs and the public in order to induce Plaintiffs and others to purchase and pay premiums under the Policies.

26.      Plaintiffs reasonably relied on the misrepresentations and misleading information to their detriment in deciding to purchase the Policies.

27.      As a result of the foregoing, Harleysville is liable to Plaintiffs for compensatory and consequential damages and costs and for punitive damages in an amount each Plaintiff may prove at trial, all costs associated with recovering, repairing and/or replacing the damaged properties, attorneys' fees and expenses, together with interest and all other damages Plaintiffs may prove as allowed by law.  These damages are a foreseeable and direct consequence of Harleysville's wrongful, willful and wanton practices and are necessary to deter this type of conduct for the benefit of the public at large.

PRAYER

WHEREFORE, the Plaintiffs named herein respectfully request that the Court enter judgment in their favor for such amounts as each Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By: _____
       Sean Greenwood

6

New York Bar No. 4409140
SG 3836
Attorneys for Plaintiffs
52 Duane Street Floor 7
New York, NY 10007
Telephone: (646) 461-9197
Facsimile: (212)732-6323

TO:    Harleysville Worcester Insurance Company
        120 Front Street
        Worcester, MA 01608-1408