

901 DULANEY VALLEY ROAD
SUITE 400
TOWSON, MD 21204

PESSIN KATZ LAW, P.A.

TOWSON | COLUMBIA | BEL AIR

TELEPHONE 410-938-8800
FAX 410-832-5600
PKLAW.COM

*Kambon R. Williams - 410-769-6142 - 410-832-5639 (f) – kwilliams@pklaw.com*

February 2, 2015

<u>VIA ECF</u>
The Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  Kelly v. Nationwide Mutual Insurance Company
     Case No.: 2:13-cv-6275-JS-AKT

## DEFENDANT'S REQUEST FOR DISMISSAL FOR LACK OF PROSECTION, OR IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE A MOTION TO DISMISS

Dear Judge Brown:

By this letter, undersigned counsel for Defendant, Nationwide Mutual Insurance Company ("Nationwide"), respectfully requests that this Honorable Court dismiss the above captioned matter pursuant to FRCP 41(b), as Plaintiff, Catherine Kelly ("Plaintiff" or "Kelly"), has failed to properly prosecute this matter. In the alternative, Nationwide seeks leave to file a Motion to Dismiss for failure to prosecute. In support thereof, Nationwide submits the following undisputed facts:

1. Plaintiff is the named insured for a SFIP Dwelling Form (Policy No. 87043175302012), issued by Nationwide, which insures Plaintiff's condominium unit, located at 100 Baker Court, Unit 89, Island Park 11558 (the "insured property").

2. The insured property suffered a flood loss following Hurricane Sandy on or about October 29, 2012. The policy was in full force and effect at the time of Hurricane Sandy with Coverage A – Building limits of $34,500.00 and Coverage B – Content limits of $0.00.

3. After the loss, Plaintiff contacted Defendant to file a claim under her SFIP.

4. During the adjustment of Plaintiff's claim, it was determined that the condominium building in which Plaintiff's condominium unit sits was also covered by a Residential Condominium Building Association Policy ("RCBAP"), which, when present, becomes the primary policy for the insured property and renders Plaintiff's SFIP an excess policy.[1]

5. Accordingly, on December 11, 2012, Defendant denied Plaintiff's claim, as any damages suffered by the insured property were to be paid under the RCBAP, and no payment can be made under the Plaintiff's policy, unless the RCBAP's limits were exhausted. (*See* Coverage Determination Letter attached hereto as **Exhibit A**).

6. On October 29, 2013, through her attorneys, Plaintiff submitted a Supplemental Claim for damages including a Proof of Loss in the amount of $29,500.00 purportedly supported by a "trade breakdown" estimate generated by Canopy Claims Management (i.e. not a "line by line" estimate).

7. Defendant rejected this Proof of Loss by letter dated October 31, 2013 asserting that any damages suffered by the insured property are covered by the Condominium Association's RCBAP, and that no payments could be considered under the Plaintiff's Dwelling Policy. (*See* Letter attached hereto as **Exhibit B**).

8. Dissatisfied with this determination, Plaintiff filed the instant suit on November 12, 2013.

9. During the parties' pre-mediation conference held before this Honorable Court on August 6, 2014, Plaintiff's counsel conceded that the RCBAP had not been exhausted. However, Plaintiff's counsel requested time to confirm the status of the RCBAP. Accordingly, the Court ordered Plaintiff to submit a status report or discontinue the action within two weeks of that conference. (*See* Minute Entry on 8/6/2014).

10. Plaintiff failed to submit a status report in the time provided.

11. On September 10, 2014, this Honorable Court granted Plaintiff an extension, and ordered her to submit a status report or stipulation of discontinuance by September 19, 2014. (*See* Minute Entry on 9/10/2014).

12. Plaintiff again failed to comply with the Court's Order. Accordingly, undersigned counsel attempted to contact Plaintiff's counsel on September 22,

---

[1] Section VII(C)(2) of the Dwelling Form states "If there is other insurance in the name of your condominium association covering the same property covered by this policy, then this policy will be in excess over the other insurance. Conversely, Section VIII(C)(2) of the RCBAP states "If there is a flood insurance policy in the name of a unit owner that covers the same loss as this policy, then this policy will be primary."

2014 to discuss the status of this matter. (*See* Email attached hereto as **Exhibit C**). However, Plaintiff's counsel failed to respond.

13. Shortly thereafter, a telephone conference for this matter was set for October 9, 2014, during which this Court provided Plaintiff a 90-day stay on proceedings to determine the status of the RCBAP and determine whether the case should continue or be dismissed. Accordingly, Plaintiff was ordered to file a status report by January 9, 2015. (*See ECF No.* 79).

14. However, Plaintiff once again failed to comply with the Court's order.

15. In an effort to determine whether Plaintiff wished to pursue this matter or stipulate to its dismissal, undersigned counsel attempted to reach Plaintiff's counsel on January 13, 2015 and again on January 22, 2015 to discuss this matter. (*See* Emails attached hereto as **Exhibit D & E**).

16. However, as of today, no direct response from Plaintiff's counsel to these emails has been received. The undersigned counsel did receive a telephone call from Plaintiff's counsel's paralegal on Tuesday, January 27, 2015 (wherein it was indicated that Plaintiff's counsel intended to file a status report with the "next few days"). When the paralegal was asked if she could at least communicate Plaintiff's counsel's intentions for the case, she refused to so do and cryptically replied that the undersigned should await the status report.

17. Despite the assurances of this paralegal, Plaintiff's counsel, to date, has neither filed a status report for this matter, nor responded to undersigned counsel's request to discuss the status of this matter.

Given the undisputed facts outlined above, Nationwide now requests that this action be dismissed for lack of prosecution. As noted, Plaintiff's counsel has failed to provide any indication that the Condominium Association's RCBAP policy limits were exhausted—which, again, is necessary to trigger any coverage under Plaintiff's SFIP Dwelling Form. Indeed, as stated previously, Plaintiff's counsel conceded during the pre-mediation conference that the RCBAP limits were not exhausted.

Despite this concession, this Honorable Court generously provided Plaintiff's counsel with multiple opportunities to produce some evidence of the RCBAP's exhaustion and/or to file a status report relevant to this matter. However, Plaintiff's counsel has failed to adhere to every status report deadline ordered by this Honorable Court on this matter thus far. In doing so, Plaintiff's counsel never reached out to undersigned counsel to discuss this matter or to request consent for an extension. Indeed, the only communication the undersigned counsel has received from Plaintiff's counsel regarding this matter since the pre-mediation conference was from Plaintiff's counsel's paralegal.

That being so, it is respectfully submitted, that the behavior of Plaintiff's counsel and his client constitutes a lack of prosecution that plainly entitles Nationwide to an order dismissing this action with prejudice. Nationwide therefore respectfully requests that this Honorable Court dismiss this action with prejudice pursuant to FRCP 41(b) or, in the alternative, grant Nationwide the leave necessary to file a Motion to Dismiss on the basis otherwise explained above.

Respectfully,

Kambon R. Williams
**Counsel for Defendant**

KRW/as

cc:    Cate Biggs, Esquire (Counsel for Plaintiff)
       Jonathan Wasielewski (Counsel for Plaintiff)
       Alice Spitz, Esquire (Local Counsel for Defendant)
       Patricia McHugh Lambert, Esquire

1194291-1

# EXHIBIT A

December 11, 2012


Kelly, Catherine
100 Baker Ct Unit 89
Island Park, NY 11558-2269




RE:Insured     : Kelly, Catherine
   Property Add: 100 Baker Ct Unit 89
                 Island Park, NY 115582269
   Policy #   : 87043175302012
   Date of Loss: 10/29/2012
   Reference No: 87043175302012

Dear Policyholder:

The Independent Adjuster's report indicates that your unit is covered under the Residential Condominium Building Association Policy. We are denying payment for damaged building items, pursuant to the Standard Flood Insurance Policy:


VIII. GENERAL CONDITIONS

    C.  Other Insurance

    2.  If there is a flood insurance policy in the name of a unit owner that covers the same loss as this policy, then this policy will be primary.

In the unfortunate event that you experience another flood, we recommend you keep in a safe place, out of the reach of future flooding, all repair receipts and invoices documenting the completion of the building repairs, and if applicable, the repair/replacement of your personal property. This will assist in verifying that building repairs were completed and, if applicable, the age, condition and value of personal property. Having this information will help expedite the handling of any future claim.

Please note: Pursuant to the Standard Flood Insurance Policy, VIII General Conditions Q. Mortgage Clause, A loss payable under Coverage A - Building Property will be paid to any mortgagee of whom we have actual notice as well as any other mortgagee or loss payee determined to exist at the time of loss, and you, as interests may appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

The Standard Flood Insurance Policy is a federal policy under the jurisdiction of the federal government issued pursuant to the National Flood Insurance Act of 1968 and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

If you do not agree with our decision to deny your claim or any part of the claim, Federal law allows you to appeal the decision within 60 days of the date of this denial letter. Your appeal must be in writing and include: a copy of this letter, a copy of the completed Proof of Loss form you submitted to us, your written statement of the basis of the appeal in as much detail as possible including relevant policy and claim information and all the documentation that supports your written statement.

010201

The appeal must be sent to:

Federal Emergency Management Agency
Mitigation Directorate
Federal Insurance Administrator
1800 South Bell Street
Arlington, VA 20598-3010

To avoid delays, it is critical that you use the complete ZIP + 4 Code given above. You may not appeal if your dispute is or has been subject to appraisal or you have filed suit on the matter(s) upon which the denial of your claim or any part thereof is based.

If you have any questions, please call (800) 759-8656.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,

Harleysville Worcester Insurance Company
Flood Claims Processing Center

cc: Henry M Hastava
    Colonial Claims Corporation
    Bac Home Loans Serv Lp

010202

# EXHIBIT B

October 31, 2013

Gauthier, Houghtaling & Williams
Attorneys at Law
Mr. Sean E. Comerford
3500 North Hullen Street
Metairie LA 70002

Re:  Named Insured:          Kelly, Catherine
     Property address:       100 Baker Ct Unit 89; Island Park NY
     Policy Number:          87-04317530-2012
     Date of Loss:           10/29/2012

Dear Mr. Comerford;

We are in receipt of your representation letter dated October 28, 2013 in regards to the above referenced flood claim.

The above referenced flood claim has been closed and denied for building damages as the insured's condo unit is covered under the Residential Condominium Building policy.   There are no damages to be considered under the insured's Dwelling Policy, pursuant to the Standard Flood Insurance Policy, VII. General Conditions, C. Other Insurance 2.

With regard to the above-referenced flood claim, I am hereby complying with the Standard Flood Insurance Policy's requirement regarding payment or rejection of the insured's proof of loss within 60 days of its being filed by the insured. We are rejecting the signed Proof-of-Loss in the amount of $29,500.00, pursuant to VII. General Conditions, paragraph M (Loss Payment) of the Standard Flood Insurance Policy, as non-covered.

The Standard Flood Insurance Policy is a federal policy under the jurisdiction of the federal government issued pursuant to the National Flood Insurance Act of 1968 and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

Waiving none, but reserving all rights and defenses under the policy, we remain,

Sincerely,
*Mary Ross-Goodnough*
Claims Technical Analyst

cc:      File Copy

# EXHIBIT C

**Renee Johnson**

| | |
|---|---|
| **From:** | Kambon Williams |
| **Sent:** | Monday, September 22, 2014 9:04 AM |
| **To:** | cate@ghwlegal.com; sean@ghwlegal.com; jonathanw@ghwlegal.com |
| **Cc:** | PK Flood Team; Alice Spitz; Oisin Lambe |
| **Subject:** | Catherine Kelly v. Nationwide (2:13-cv-06275-JS-AKT ): Status Report of Discontinuance |

Ms. Biggs,

As you know, the Kelly case is a condominium case in which the key coverage issue is whether the RCBAP for her building was exhausted such that the SFIP for her unit (which is the excess policy) can be used to pay her claim. During the parties' pre-mediation conference before Judge Brown on Kelly, Mr. Wasielewski conceded that the RCBAP had not been exhausted in this case and that the denial of the Kelly claim was likely proper. In fairness, Mr. Wasielewski asked Judge Brown for time to confirm if that was the case here.

Consequently, Judge Brown issued a Status Report Order on 9/10 which provided that "Counsel for plaintiff is hereby ORDERED to submit a status report or stipulation of discontinuance by 9/19/2014." Our review of Kelly confirms that the claim was properly denied. Inasmuch as you have not contested that matter by the 9/19 cut off, we assume you share that opinion. If that is the case, please advise and I will have a stipulation of dismissal w/ prejudice prepared for your review. If that is not the case, please advise when the status report for Kelly will be filed. Thanks.

**Kambon R. Williams**
Attorney
901 Dulaney Valley Road | Suite 400 | Towson, MD | 21204
Phone: (410)938-8800 ext.1004 | Direct Dial: (410)769-6142
kwilliams@pklaw.com
**Attorney Bio | About Us**



1

# EXHIBIT D

| | |
|---|---|
| **From:** | Kambon Williams |
| **Sent:** | Tuesday, January 13, 2015 2:23 PM |
| **To:** | Jonathan Wasielewski; cate@ghwlegal.com |
| **Cc:** | PK Flood Team; Oisin Lambe |
| **Subject:** | Kelly v. Nationwide (Case No. 2:13-cv-06275-JS-AKT): Plaintiff's Overdue Status Report |

Jonathan,

Just wanted to check in with you regarding the SFIP suit of Ms. Catherine Kelly. If you recall, Kelly is a condominium case and it has been clear for some time now that relevant RCBAP in this case has not been exhausted and that no payments under the SFIP Ms. Kelly maintained for her unit are payable. If I recall correctly, when we last discussed the case you were deciding whether you would continue the action but were leaning towards dismissing it.

According to the docket entry below, the case was placed on stay for 90 days and your office was to prepare a status report to advise the court as to your intentions. That status report was due on 1/9 and, to date, has not been filed. If your intentions are simply to dismiss the suit (w/ prejudice), perhaps we can skip the report and just file a stipulation to dismiss but I need to know how you would like to handle.

Please advise. Thanks.

| | | |
|---|---|---|
| *Filed & Entered:* | 10/09/2014 | Status Conference |
| *Docket Text:* Minute Entry for proceedings held before Magistrate Judge Gary R. Brown:Status Conference held on 10/9/2014. Case stayed on consent 90 days. Plff to file status report by 1/9/2015. (Posillico, Lauren) | | |

**Kambon R. Williams**
Attorney
901 Dulaney Valley Road | Suite 400 | Towson, MD | 21204
Phone: (410)938-8800 ext.1004 | Direct Dial: (410)796-6142
**kwilliams@pklaw.com**
**Attorney Bio | About Us**



# EXHIBIT E

| | |
|---|---|
| **From:** | Kambon Williams |
| **Sent:** | Thursday, January 22, 2015 3:17 PM |
| **To:** | Jonathan Wasielewski; cate@ghwlegal.com |
| **Cc:** | PK Flood Team |
| **Subject:** | FW: Catherine Kelly v. Nationwide (2:13-cv-06275-JS-AKT ): Lack of Prosecution |
| **Attachments:** | Catherine Kelly v. Nationwide (2:13-cv-06275-JS-AKT ): Status Report of Discontinuance; Kelly v. Nationwide (Case No. 2:13-cv-06275-JS-AKT):  Plaintiff's Overdue Status Report |

Jonathan,

Tried to reach  you twice today by phone but had no luck.  I was able to reach your new paralegal, Donna Burnett, and advised of our concerns.  As is reflected in the two attached emails, there has been no action on the Kelly suit since last Sept. and it appears the suit is no longer being prosecuted.

If you recall, it was our general understanding that you would be dismissing this case unless you found that there has been exhaustion of the condominium building's RCBAP.  As you know, absent such exhaustion, there is no colorable claim here.  We can no longer wait with respect to this case and, as we've received no response to our prior emails, I must insist that we hear from you by the close of business tomorrow.

Absent your response to guide us as to your intentions, we will have no choice but to contact the court and to ask for the immediate dismissal of this action.  We eagerly await your prompt response. Thanks.

**Kambon R. Williams**
Attorney
901 Dulaney Valley Road ¦ Suite 400 ¦ Towson, MD ¦ 21204
Phone: (410)938-8800 ext.1004 ¦ Direct Dial: (410)796-6142
kwilliams@pklaw.com
**Attorney Bio | About Us**

